IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-00284-FL

| | | |
|---|---|---|
| KRISTEANIEN THREATT GREGORY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A) (DE 24). Defendant has responded in opposition only as to the amount and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, plaintiff's motion is granted, subject to the limitations set forth herein.

## BACKGROUND

Plaintiff commenced the instant matter on May 23, 2016, seeking judicial review of the denial of her application for a period of disability and disability insurance benefits. On August 15, 2016, defendant filed an answer seeking affirmance of the decision complained of by plaintiff. Plaintiff filed a motion for judgment on the pleadings on October 14, 2016. Defendant filed a cross motion for judgment on the pleadings on February 13, 2017.

Thereafter, the court referred the matter to U.S. Magistrate Judge Robert T. Numbers, II, for a memorandum and recommendation ("M&R") on the cross motions for judgment as a matter of law.

On July 26, 2017, Judge Numbers entered an M&R wherein he recommended that plaintiff's motion for judgment on the pleadings be denied, defendant's motion for judgment on the pleadings be allowed, and the Commission's decision be affirmed. Plaintiff filed objections to the M&R on August 4, 2017. On September 20, 2017, the court rejected the recommendation of Judge Numbers, granted plaintiff's motion for judgment on the pleadings, denied defendant's motion for judgment on the pleadings, and remanded the case for further proceedings in accordance with sentence four of 42 U.S.C. § 405(g).

On December 22, 2017, plaintiff filed the instant motion, seeking $8,188.15 in attorney's fees for a total of 42.60 hours as well as $400.00 in court filing fees under the EAJA. Defendant opposed, and plaintiff replied, requesting a total of $8,341.92 in attorney's fees, including the time spent preparing the instant reply.

**COURT'S DISCUSSION**

In a civil action brought by or against the United States, including proceedings for judicial review of an agency action, the EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Here, defendant concedes that plaintiff was the prevailing party, that defendant's position in the underlying litigation was not substantially justified, and that plaintiff's petition is timely. (DE 26 at 2). However, defendant argues the numbers of hours plaintiff seeks compensation for is excessive and warrants reduction.

"The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,'" and "is charged with the duty to ensure that the final award is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 254 (4th Cir. 2002) (quoting Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 (1990)). "The extent of a plaintiff's success is an important factor to consider when determining the reasonableness of the fees requested." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)). "Unsuccessful claims that are 'distinct in all respects' from the claims upon which the plaintiff has prevailed 'should be excluded in considering the amount of a reasonable fee.'" Id. (quoting Hensley, 461 U.S. at 440)). In addition, "[w]here a lawsuit consists of related claims, [and] . . . where the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." Hensley, 461 U.S. at 440. Moreover, "fairness and reasonableness dictate that the SSA may only be held liable for attorneys' fees and expenses fairly attributable to the unjustified positions taken by the SSA." Hyatt, 315 F.3d at 254.

Other relevant factors include the novelty and complexity of the issues presented, and the experience and skill of the attorney. See Bunn v. Bowen, 637 F.Supp. 464, 469 (E.D.N.C.1986). In addition, the court must reduce compensable hours claimed if for paralegal tasks or clerical tasks normally performed by non-attorneys. See Hyatt, 315 F.3d at 255. The court now turns to application of these principles and guidelines to the fees and expenses claimed by plaintiff.

Plaintiff claims entitlement to attorney fees in the amount of $8,341.92 for 43.40 hours of attorney work at a rate of $192.21 per hour as well as $400.00 in court filing fees. Of the total 43.40 hours claimed, 3.2 hours were spent reviewing the administrative record, dictating a letter to the client, and dictating the complaint; 28.2 hours were spent preparing an initial brief; 9.8 hours were spent reviewing M&R and drafting objections; and 2.2 hours were spent on EAJA motions. (See

DE 24-3; DE 27 at 4). Plaintiff also submitted that of the total 43.40 hours claimed, 3.6 were accomplished by Charles E. Binder, 27.40 by Eddy Pierre Pierre, 2.3 by Pamela Henry-Mays, and 10.10 by Daniel S. Jones.

Defendant specifically objects that the 27.40 hours expended by Eddy Pierre Pierre in drafting plaintiff's memorandum of law in support of judgment on the pleadings, arguing that Pierre has over 21 years experience in Social Security and the arguments presented in this case were neither novel or complicated in that plaintiff argued errors relating to weighing medical opinion advice, credibility, vocational expert testimony, and new and material evidence. Similarly, defendant challenges the 8.7 hours spent by Daniel S. Jones objecting to the M&R where the arguments presented mirrored those presented by plaintiff's memorandum of law in support of judgment on the pleadings. Defendant also objects to the 3.1 hours spent by two different attorneys reviewing Pierre's submissions and the 1.1 hours spent by two different attorneys reviewing Jones's submissions. Finally, defendant argues generally that the amount of hours requested is in excess of the typical range of compensated hours in Social Security disability litigation.

The court finds that a portion of the claimed hours must be excluded for unsuccessful claims pursued or for expenses not attributable to the unjustifiable positions taken by the government. Plaintiff sought remand on four grounds, including on a credibility issue, which the court did not address. See Gregory v. Berryhill, No. 5:16-CV-00284-FL, 2017 WL 4171969, at *9 n.9 (E.D.N.C. Sept. 20, 2017) ("Because of the above holdings of the court, the court need not address plaintiff's remaining argument concerning the ALJ's assessment of her credibility."). Therefore, the court will reduce the number of hours claimed by plaintiff that were specifically devoted to drafting the credibility argument. (See DE 24-3 at 1 (listing 1.8 hours under "Draft argument on credibility")).

4

Additionally, the court notes that the administrative record in this case was only roughly 500 pages and agrees with defendant that the arguments presented were neither novel or complicated. However, defendant has failed to specifically request a certain number of hours or percentage by which the court should reduce the hours requested by plaintiff. The court its discretion will reduce the award to plaintiff by 25% to bring it more in line with comparable cases presenting issues neither novel or complicated. In particular, the court has identified no case where this court awarded EAJA fees in excess of $8,000.00 in the past several years, and almost all cases with awards were awarded less than $5,500.00. See Rhodes v. Berryhill, No. 5:16-CV-674-FL (E.D.N.C. June 26th, 2017) (awarding $4,797.00 in attorneys fees); Erexson v. Colvin, No. 5:15-CV-00187-FL, 2017 WL 2533383, at *1 (E.D.N.C. June 9, 2017) (awarding $2,782.40 in attorneys fees); Jones v. Berryhill, No. 5:11-CV-00206-FL, 2017 WL 2533380, at *1 (E.D.N.C. June 9, 2017) (awarding $5,337.50 in attorneys fees); McBryde v. Berryhill, No. 7:16-CV-10-FL (E.D.N.C. April 18, 2017) (awarding $5,250.00 in attorneys fees); Charleswell v. Berryhill, No. 5:15-CV-515-FL (E.D.N.C. April 3, 2017) (awarding $2,524.50 in attorneys fees); Williams v. Berryhill, No. 4:16-CV-213-FL (E.D.N.C. March 30, 2017) (awarding $3,420.00 in attorneys fees); Brandt v. Berryhill, No. 2:16-CV-4-FL (E.D.N.C. March 14, 2017) (awarding $5,000.00 in attorneys fees); Allen v. Berryhill, No. 2:15-CV-41-FL (E.D.N.C. March 14, 2017) (awarding $4,800.00 in attorneys fees); Merritt v. Berryhill, No. 4:15-CV-191-FL (E.D.N.C. March 6, 2017) (awarding $5,725.00 in attorneys fees); Murrell v. Colvin, No. 4:13-CV-124-FL, 2016 WL 4287813, at *1 (E.D.N.C. Aug. 15, 2016) (awarding $5,000.00 in attorneys fees); Barrow v. Colvin, No. 4:14-CV-137-FL, 2016 WL 632446, at *5 (E.D.N.C. Feb. 17, 2016) (awarding $3,418.90 in attorneys fees); Skipwith v. Colvin, No.

5:09-CV-526-FL, 2014 WL 7205208, at *1 (E.D.N.C. Dec. 17, 2014) (awarding $779.04 in attorneys fees).

In sum, the court removes 1.80 hours for one itemized entry comprising attorney work on a claim not addressed by the court. Additionally, the court reduces by 25% the remaining hours from the total 39.40 itemized hours claimed by plaintiff's counsel (except time spent preparing the EAJA motions). This yields a grand total of compensable hours of 31.80 hours (rounding to the nearest tenth of hour). Finally, the court finds as reasonable the claimed hourly rate of $192.21 per hour and the $400.00 claimed in court filing fees.[1]

Multiplying 31.80 hours by $192.21 and adding $400.00 equals a reasonable EAJA fee award under the circumstances of this case in the amount of $6,512.28.

## CONCLUSION

Based on the foregoing, plaintiff's motion for attorney's fees under the EAJA is GRANTED, limited to the extent set forth herein. In particular, the court AWARDS attorney's fees under the EAJA, 28 U.S.C. § 2412(d)(1)(A), in the amount of $6,512.28.

Pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt plaintiff may owe to the United States. Defendant will determine whether plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to plaintiff and mailed to plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that plaintiff does not owe a federal debt, defendant will exercise its discretion and honor an assignment of EAJA fees (see DE 31-1), and pay the awarded

---

[1] Defendant does not dispute the claimed hourly rate or the $400.00 in court filing fees.

fees directly to plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

SO ORDERED this the 14th day of February, 2018.

LOUISE W. FLANAGAN
United States District Judge