IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-284-FL

| | |
|---|---|
| KRISTEANIEN THREATT GREGORY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on plaintiff's motion (DE 35) for attorney's fees pursuant to 42 U.S.C. § 406(b). Defendant responded in opposition and plaintiff has replied. In this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

**BACKGROUND**

Plaintiff commenced this action on May 23, 2016, for judicial review of defendant's decision denying Social Security benefits to plaintiff. Plaintiff timely filed a motion for judgment on the pleadings, and defendant, following extensions of time, filed a cross-motion for judgment on the pleadings. The matter was referred to a magistrate judge, who recommended affirming defendant's decision in a memorandum and recommendation (M&R) entered July 26, 2017. Plaintiff timely filed objections to the M&R. Upon de novo review, on September 20, 2017, this court rejected the M&R and remanded the case to defendant for further proceedings.

Plaintiff sought attorneys fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), on the basis that the position of the United States in litigation was not substantially justified. Plaintiff sought $8,188.15 in attorney's fees for a total of 42.60 hours as well as $400.00 in court filing fees under the EAJA. Defendant opposed, and plaintiff replied, requesting an updated total of $8,341.92 in attorney's fees. The court granted plaintiff's EAJA motion, but limited the EAJA fee award to $ 6,512.28, reflecting a reduction in compensable time to 31.8 hours.

Plaintiff filed the instant motion for attorney's fees on May 2, 2019, seeking to recover $24,642.75, representing 25% of past due disability benefits successfully awarded following further administrative proceedings, with provision to refund to plaintiff the $6,512.28 in EAJA fees previously awarded. In support of the motion, plaintiff has filed a detailed memorandum of law; an affirmation of counsel; contingency-fee agreement between counsel and plaintiff; itemization of hours; and notice of award of benefits.

In opposition, defendant argues that the instant motion is untimely and should be dismissed on that basis. Alternatively, defendant neither supports nor opposes the instant motion, but notes that the reasonableness of the award is for the court to determine. In reply, plaintiff seeks to have the court excuse the untimeliness of the motion and award the full amount of fees requested.

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 % of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C.A. § 406(b)(1)(A). The Supreme Court has held that "§ 406(b) does not displace contingent-fee

agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in a particular case." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002).

"[A] reduction in the contingent fee may be appropriate when (1) the fee is out of line with 'the character of the representation and the results . . . achieved,' (2) counsel's delay caused past-due benefits to accumulate 'during the pendency of the case in court,' or (3) past-due benefits 'are large in comparison to the amount of time counsel spent on the case.'" Mudd v. Barnhart, 418 F.3d 424, 428 (4th Cir. 2005) (quoting Gisbrecht, 535 U.S. at 808). In reviewing the request for fees, a "reviewing court should disallow windfalls for lawyers." Gisbrecht, 535 U.S. at 808 (quotations omitted). Although there is no bright-line test for determining whether a fee will result in a "windfall," the United States Court of Appeals for the Fourth Circuit has identified additional factors to consider being "the overall complexity of the case, the lawyering skill necessary to handle it effectively, the risks involved, and the significance of the result achieved in the district court."Mudd, 418 F.3d at 428.

The court addresses as an initial matter defendant's contention that the instant motion is untimely. Local Rule 7.1(d) provides that "[a]ny motion for attorney's fees under 42 U.S.C. §[] 406(b) . . . shall be filed within 65 days after the date of the last notice of award necessary to accurately calculate the total amount of retroactive benefits, unless extended by consent or order." Here it is undisputed that the last notice of award is dated January 29, 2019. (See Pl's Ex. C (DE 35-5) at 2). Plaintiff filed her motion for attorney's fees on April 26, 2019, which is 87 days after the date of the award, or over 22 days out of time.

Nevertheless, plaintiff seeks to excuse the delayed filing under the circumstances of this case on the basis of equitable tolling. In particular, plaintiff's counsel affirms that "[o]n April 24, 2019, [his] office received a copy of the Plaintiff's Notice of Award via fax from the Social Security Administration." (Affirmation (DE 35-2) ¶ 16). Although defendant asserts in briefing that the Notice of Award "was mailed to Plaintiff and her representatives," defendant cites only to the original award dated January 29, 2019, not to any confirmation of mailing of the same was made to plaintiff's counsel. (See Opp. (DE 39) at 2 n. 1). In any event, based upon counsel's affirmation confirming receipt of the notice by fax just two days prior to filing of the instant motion, and discerning no prejudice arising from the delay, the court finds good cause to excuse the untimely filing of the motion. Accordingly, the court will consider the merits of the motion.

Here, the fee is in line with the contingency-fee character of the representation and the results achieved, where counsel obtained a successful remand resulting in a substantial award of benefits for plaintiff. Counsel did not unreasonably delay during the pendency of the case in court. The record evidences significant effort by counsel through pleadings which were not boilerplate, and through arguments which involved both careful assessment of the record and the legal issues bearing upon the remand determination. Indeed, counsel obtained a ruling for remand following an initial recommendation by magistrate judge to affirm the denial of benefits. In addition, the effective hourly rate derived from dividing the 25% withheld from past-due benefits by the 31.8 hours previously deemed reasonable is not so out of proportion to be considered a "windfall" for the attorneys. See, e.g., Mudd, 418 F.3d at 426-27, 428 (upholding the district court's award of $12,231.50 for 16.6 hours of work (effective hourly rate of $736.83)).

4

In sum, the court finds reasonable the $24,642.75, requested in this case, with refund to plaintiff of $6,512.28, already received under EAJA.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for attorney's fees is ALLOWED in the full amount requested. Defendant shall release to plaintiff's counsel fees under section 206(b) of the Act, 42 U.S.C. § 406(b), in the amount of $24,642.75, with refund to plaintiff of $6,512.28, representing the prior EAJA award.

SO ORDERED, this the 27th day of September, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge